THE STATE OF OHIO, APPELLEE, *v.* CALHOUN, APPELLANT.

(No. L-87-328—Decided April 22, 1988.)

*Lawrence Marcus,* for appellee.
*Kevin J. Carder,* for appellant.

*Per Curiam.* This case comes to this court from a judgment of conviction entered by the Lucas County Court of Common Pleas.

Appellant, Larry O. Calhoun, was indicted by the Lucas County Grand Jury on two counts: one count, grand theft, prior conviction, in violation of R.C. 2913.02(A), and one count, breaking and entering, in violation of R.C. 2911.13(A). Appellant entered a plea of not guilty and the case proceeded to trial by jury on September 21, 1987 on the charge of grand theft, prior conviction. The jury returned a verdict of guilty as charged. Appellant was sentenced according to law.

Appellant was appointed counsel to pursue his appeal.

Appointed counsel for appellant has submitted to this court a motion for leave to withdraw as counsel for appellant for want of a meritorious, appealable issue, pursuant to the constitutional guidelines established in *Anders* v. *California* (1967), 386 U.S. 738. See, also, *State* v. *Duncan* (1978), 57 Ohio App. 2d 93, 11 O.O. 3d 83, 385 N.E. 2d 323.

Appellant's counsel has submitted to this court and to appellant a brief which contains the following alleged assignments of error:

"Issue No. 1 — Conviction of Defendant on the Charge of Grand Theft — Prior Conviction — Prior Conviction was Clearly and Manifestly Against the Weight of Evidence.

"Issue No. 2 — Ineffective Assistance of Counsel."

The facts in this case show that appellant was observed taking merchandise off the racks at a Sears store. This entire episode was videotaped and played for the jury. In addition, a security officer testified that he had been notified of appellant's activities

and that he observed appellant with an armful of Sears merchandise. Further, the security officer testified that he chased appellant and appellant dropped the clothing. When apprehended, appellant stated to the security officer, "You got the goods why not let me go."

We have fully reviewed the record, counsel's brief, and his authorities contained therein. Pursuant to *Anders* v. *California, supra,* it is the duty of this court to fully examine all of the proceedings and make the final determination whether this appeal is frivolous.

Appellant's first assignment of error deals with the issue of manifest weight of the evidence. From a review of the record, we find overwhelming evidence of appellant's guilt. The Supreme Court of Ohio stated in *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, at paragraph two of the syllabus, that:

"A reviewing court may not reverse a judgment of conviction in a criminal case in a trial court, where the record shows that a verdict of guilty was returned by a jury on sufficient evidence and where no prejudicial error occurred in the actual trial of the case or in the instructions given the jury by the court."

Further, as was stated in the syllabus of *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132:

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."

Hence, no merit can be found to pursue an appeal as to the issue of manifest weight of the evidence.

Counsel next raises a question as to whether trial counsel was ineffective. The thrust of this argument is that trial counsel permitted a Toledo police officer to remain on the jury. While in any other case there may be some question as to an attorney's effectiveness in permitting a police officer to remain on a jury in a criminal case, the evidence in this case was such that the verdict would not have been any different had the police officer not been a juror. The mere presence of a police officer made no difference. The evidence of appellant's guilt was overwhelming. Thus, counsel's alleged second assignment of error is also without merit.

After a full examination of all of the proceedings herein, we conclude that counsel for appellant has fully complied with *Anders* v. *California, supra,* wherein the court stated the following at 744:

"* * * His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses * * *."

The *Anders* court then went on to place the burden upon the reviewing court when it stated:

"* * * the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision,

afford the indigent the assistance of counsel to argue the appeal." *Id.*

We find that appellant's appointed counsel has fully complied with *Anders* v. *California, supra.* We further find that appellant has been afforded sufficient time to respond and that he has chosen not to raise any additional alleged errors. Lastly, we have fully reviewed the record and find that no error occurred which would be prejudicial to appellant. Therefore, the appeal is totally without foundation and is frivolous. Counsel's motion for leave to withdraw as appellate counsel is found well-taken and is hereby granted.

On consideration whereof, the court finds that appellant, Larry O. Calhoun, was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is hereby affirmed. It is hereby ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.